[Cite as *Punsalan v. Ohio Dept. of Transp.*, 2011-Ohio-3970.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEGASPI M. PUNSALAN, et al.

    Plaintiffs

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-01640-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiffs, Legaspi and Marcia Punsalan, filed this action against defendant, Department of Transportation (ODOT), asserting that their 2006 Toyota Camry was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition on Interstate 475 in Toledo, Ohio. Plaintiffs related that they were traveling east on Interstate 475 through a construction zone on December 13, 2010, at approximately 8:00 p.m. when their vehicle struck either a chunk of concrete or a pothole in the "far left lane, about 25 feet from the ramp onto I-75 north." Plaintiffs pointed out that the left front tire and rim were severely damaged as a result of the impact. Plaintiffs requested damages in the amount of $275.81, the stated cost of replacement parts and related repair expenses they incurred resulting from the described incident. The filing fee was paid.

{¶ 2} Defendant explained that the roadway area where plaintiffs' damage event occurred was within the limits of a working construction project under the control of ODOT contractor E.S. Wagner Company (Wagner). Defendant related that the particular construction project dealt with improvements to a section of roadway "by

grading, draining and paving with stone matrix asphalt concrete on an asphalt concrete base." According to defendant, the construction project limits "are county mileposts 14.18 to 16.20 on I-475 in Lucas County" and plaintiffs' damage incident occurred at milepost 16.11, a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Wagner and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Wagner, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Wagner is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiffs failed to introduce sufficient evidence to prove their damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also, evidence has been submitted to establish that ODOT personnel were present onsite conducting inspection activities.

{¶ 3} Plaintiffs filed a response wherein they claimed that they now believe the accident occurred at mile marker 20.0 on I-475, that this area was within the construction zone, and that defendant should have anticipated that the defect in the roadway was inevitable in light of the ongoing construction and heavy traffic volume through the area.

{¶ 4} For plaintiffs to prevail on a claim of negligence, they must prove, by a preponderance of the evidence, that defendant owed them a duty, that it breached that duty, and that the breach proximately caused their injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiffs have the burden of proving, by a preponderance of the evidence, that they suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice

among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} Alternatively, defendant denied that either ODOT or Wagner had any notice of the particular pothole or of defective concrete prior to plaintiffs' property damage event. Defendant pointed out that ODOT records "indicate that no calls or complaints were received regarding a pothole prior to Plaintiff Punsalan's incident." Defendant contended plaintiffs failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish their property damage was attributable to conduct on either the part of ODOT or Wagner.

{¶ 7} Defendant submitted a letter from Wagner's General Counsel, Kent Huber, who recorded, "the pothole and debris originated in the evening on December 13, 2010 from pavement that was located on eastbound IR-475 near Upton Ave. First, E.S. Wagner Company was not negligent in failing to identify a latent defect in the pavement which did not manifest itself until E.S. Wagner personnel had completed their operations

for the day and were no longer on the project site. * * * E.S. Wagner Company is not responsible for the property damage incurred by the claimants on December 13, 2010."

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 9} In order to prove a breach of the duty to maintain the highways, plaintiffs must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiffs must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence that defendant had actual notice of the pothole or the concrete debris condition. Therefore, in order to recover plaintiffs must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.

{¶ 12} The trier of fact is precluded from making an inference of defendant's

constructive notice, unless evidence is presented in respect to the time the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiffs must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  No evidence has shown ODOT had constructive notice of the pothole or concrete debris.

{¶ 14} Plaintiffs have not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.  Plaintiffs have failed to prove that their damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEGASPI M. PUNSALAN, et al.

    Plaintiffs

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-01640-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Legaspi M. Punsalan
Marcia W. Punsalan
625 S. Berlin Avenue
Oregon, Ohio 43616

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
4/7
Filed 4/27/11
Sent to S.C. reporter 8/10/11